IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD.; HUAWEI DEVICE CO., LTD.; HUAWEI DEVICE (SHENZHEN) CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> PANOPTIS PATENT MANAGEMENT, LLC, <br><br> Defendant. | Civil Action No. 1:24-cv-4708-AKH <br><br> [PROPOSED] STIPULATED PROTECTIVE ORDER |
| PANOPTIS PATENT MANAGEMENT, LLC; PANOPTIS EQUITY HOLDINGS, LLC; OPTIS WIRELESS TECHNOLOGY, LLC; OPTIS CELLULAR TECHNOLOGY, LLC; UNWIRED PLANET INTERNATIONAL LIMITED, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> HUAWEI TECHNOLOGIES CO., LTD.; HUAWEI DEVICE CO., LTD.; HUAWEI DEVICE (SHENZHEN) CO., LTD., <br><br> Counterclaim-Defendants. | |

WHEREAS, in relation to the above-captioned case (the "Action"), Plaintiffs/Counterclaim-Defendants Huawei Technologies Co., Ltd.; Huawei Device Co., Ltd.; and Huawei Device Shenzhen Co., Ltd. (collectively, "**Huawei**"), and Defendant/Counterclaim-Plaintiff PanOptis Patent Management, LLC; and Counterclaim-Plaintiffs PanOptis Equity Holdings, LLC; Optis Wireless Technology, LLC; Optis Cellular Technology, LLC; and Unwired

Planet International Limited (collectively, "**PanOptis**") (collectively with Huawei, the "**Parties**," and each individually, a "**Party**") have requested or intend to request the production of documents or information that includes trade secrets, confidential business information, or other proprietary or commercially or competitively sensitive information;

WHEREAS, this Action concerns allegations of breach of contract, and the Parties recognize that discovery will relate to certain commercially or competitively sensitive information of the Parties, and potentially of persons or entities who are not Parties to this Action ("**Third Party(ies)**"), including financial information, unpublished proprietary information, legal and licensing information, and/or other commercially and competitively sensitive information;

WHEREAS, the Parties agree that good cause exists to protect the confidential nature of the confidential information contained in pleadings and other court-filed documents, production documents, discovery requests and responses, expert reports, and/or deposition or other testimony;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c); and

WHEREAS, the parties agree as follows to the entry of the following Stipulated Protective Order ("**Protective Order**") preserving the confidentiality of certain documents and information, to be entered by the United States District Court for the Southern District of New York in this Action:

IT IS HEREBY ORDERED as follows:

1. The terms "**Producing Party**" or "**Designating Party**" shall mean any party to this Protective Order producing and/or designating information, documents, or other materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," including any Third Parties who provide discovery that the Third Parties agree is to be governed and protected by the terms of this Protective Order.

2

2. The term "**Receiving Party**" shall mean any party to this Protective Order receiving information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" from a Producing Party as part of this Action.

3. Each Party may designate material for protection under this Protective Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential information of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("**Protected Material**").

4. A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential, proprietary, or other commercially or competitively sensitive information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

5. To the extent a Producing Party believes that certain Protected Material qualifying to be designated "CONFIDENTIAL" is so sensitive that the unrestricted disclosure of which to another could provide that Party with an unfair competitive advantage over the Producing Party or could cause significant, irreparable injury to the Producing Party that cannot be avoided by less restrictive means, the Producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

6. Protected Material shall be designated by the Producing Party by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." The designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

ONLY" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after the attorney receives notice of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designation of some or all of that transcript.

7. The term "**Designated Material**" shall refer to the class of materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

8. A designation of Protected Material (*i.e.*, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as Designated Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as Designated Material may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Material and any documents, information, or material derived from or based thereon.

9. Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to Protected Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such Protected Material or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and subject to all of the terms and conditions of this Protective Order.

10. If portions of documents or other materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or any papers containing or making reference to such materials are to be filed with the Court, the filing party shall take reasonable steps to secure leave to file the materials under seal, in full compliance with the Individual Rules of the Honorable Alvin K. Hellerstein Practice Rule 4, and any other court rules or procedures governing the Action.

11. "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the Designating Party or upon order of the Court:

    (a) outside counsel of record in this Action for the Parties;

    (b) employees of such outside counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)      in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)      up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that any Party may in good faith request the Designating Party's consent to designate one or more additional representatives, the Designating Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the Designating Party has unreasonably withheld such consent. Parties will disclose the name and business title of their designated representatives to the Designating Party prior to giving them access to that Designating Party's Designated Material, but need not make the same disclosures or allow the same time for objection as described for outside consultants or experts below;

(e)      outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this Action, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action or another litigation; (2) before access is given, the consultant or expert has completed the form attached as Exhibit A (the "**Undertaking**") hereto and the same is served upon the Producing Party with a notice that shall include: (a) the individual's name, business title, and current employer(s); (b) business address; (c) the individual's CV; (d) a list of other cases in which the individual has testified (at trial or deposition) within the last six (6) years; (e) a list of all companies with which the individual has consulted or by which the individual has been employed, including in connection with a litigation, within the last four (4) years. The Undertaking and notice shall be served at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to allow the Producing Party to object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)      independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)      the Court and its personnel.

12. "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" documents, information, and material shall be restricted solely to persons listed in Paragraphs 11(a), 11(b), 11(e), 11(f), and 11(g).

13. There shall be no disclosure of any Designated Material by any person authorized to have access thereto to any person who is not authorized for such access under this Protective Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing in this Protective Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. *See* Fed. R. Evid. 502(d). Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the destruction or return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or material. The recipient(s) shall destroy or return all copies of such documents, information, or material to the Producing Party; if such documents, information, or material are destroyed, the recipient(s) shall certify destruction to the Producing Party.

15. Nothing contained herein shall be construed to prejudice any Party's right to use any Designated Material in taking testimony at any deposition or hearing provided that the Designated Material is only disclosed to a person(s) who is: (i) eligible to have access to the Designated Material by virtue of his or her employment with the Designating Party, (ii) identified in the Designated Material as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such Designated Material, has, in the ordinary course of business, seen such Designated Material, (iv) a current officer, director, or employee of the Producing Party or a current officer, director, or employee of a company affiliated with the Producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 11 of this Protective Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation (subject to paragraph 11(e) of this Protective Order); (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to Designated Material. Designated Material shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

16. Parties may, at a deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" pursuant to this Protective Order. If a transcript containing such material is filed with the Court, except by the Designating Party, the provisions articulated in Paragraph 10 of the Protective Order apply. Unless otherwise agreed, or unless a designation has been made on the record or before a transcript becomes final (in

which case the parties shall treat the transcript in accordance with such designation), all deposition transcripts shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" until the expiration of the thirty-day period.

17. This Protective Order applies to pretrial discovery. Nothing in this Protective Order shall be deemed to prevent the Parties from introducing any Designated Material into evidence at the trial of this Action, or from using any information contained in Designated Material at the trial of this Action, subject to any pretrial order issued by this Court.

18. A Receiving Party may request in writing to the Designating Party that the designation given to any Designated Material be modified or withdrawn. If the Designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the Requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the Designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the Designating Party shall be maintained.

19. To the extent that any discovery is taken of Third Parties and in the event that any such Third Party contends the discovery sought involves trade secrets, confidential business information, or other proprietary or commercially or competitively sensitive information, then such Third Parties may agree to provide discovery that will be governed and protected by this Protective Order.

20. To the extent that discovery or testimony is taken of Third Parties, any such Third Party

may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" any documents, information, or other material, in whole or in part, produced or given by such Third Party. Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period elapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Protective Order.

21. Within ninety (90) days of final termination of this Action, including any appeals, all Designated Material, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding up to one copy of excerpts or extracts incorporated into any privileged memoranda of the Parties), shall at the Producing Party's election either be returned to the Producing Party or be destroyed. The Receiving Party shall certify the return or destruction to the Producing Party. Notwithstanding the foregoing provision, outside counsel of record are entitled to retain electronic copies of Designated Material created as a result of each counsel's ordinary course back-up and disaster recovery procedures of their law firm's electronic information systems for the duration of the retention period of each such back-up and disaster recovery procedure; provided that the parties understand that the back-up and disaster recovery materials are not accessible in the ordinary course of business, will continue to be subject to this Protective Order after the termination of this Action, and will be destroyed permanently at the end of the applicable retention period (which the parties acknowledge is presently no more than one year from the

date of initial deletion).

22. The failure to designate documents, information, or material in accordance with this Protective Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Protective Order and/or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

23. Any Party knowing or believing that any other Party is in violation of or intends to violate this Protective Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Protective Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Protective Order.

24. Production of Designated Material by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

25. Nothing in this Protective Order shall be construed to affect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

26. Each of the Parties shall also retain the right to file one or more motions with the Court (a) to modify this Protective Order to allow disclosure of Designated Material to additional

persons or entities if reasonably necessary to prepare and present this Action or (b) to apply for additional protection of Designated Material.

27. Nothing in this Protective Order or Appendix A shall be construed to prevent counsel from advising their clients with respect to this Action based in whole or in part upon Designated Material, provided counsel does not disclose the Designated Material itself, or content thereof, except as provided in this Protective Order.

28. Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Designated Material for any purpose.

29. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

SO STIPULATED AND AGREED:

Dated: May 14, 2025

By: /s/ *Kevin J. Post*
Kevin J. Post (NY Bar No. 4382214)
Lance W. Shapiro (NY Bar No. 5397955)
Meredith E. Cox (NY Bar No. 5955174)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
kevin.post@ropesgray.com
lance.shapiro@ropesgray.com
meredith.cox@ropesgray.com

*Attorneys for Huawei*

By: /s/ *Jason M. Sobel (with permission)*
Ian G. DiBernardo
Jason M. Sobel
Joshua A. Whitehill
BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036
Tel.: 212.209.4800
Email: idibernardo@brownrudnick.com
Email: jsobel@brownrudnick.com
Email: jwhitehill@brownrudnick.com

*Attorneys for PanOptis*

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this Action.

**So ORDERED and SIGNED this** __15__ **day of** ___May___, 2025.

_____
Honorable Alvin K. Hellerstein
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD.; HUAWEI DEVICE CO., LTD.; HUAWEI DEVICE (SHENZHEN) CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> PANOPTIS PATENT MANAGEMENT, LLC, <br><br> Defendant. <br><br> PANOPTIS PATENT MANAGEMENT, LLC; PANOPTIS EQUITY HOLDINGS, LLC; OPTIS WIRELESS TECHNOLOGY, LLC; OPTIS CELLULAR TECHNOLOGY, LLC; UNWIRED PLANET INTERNATIONAL LIMITED, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> HUAWEI TECHNOLOGIES CO., LTD.; HUAWEI DEVICE CO., LTD.; HUAWEI DEVICE (SHENZHEN) CO., LTD., <br><br> Counterclaim-Defendants. | Civil Action No. 1:24-cv-4708-AKH <br><br> ~~[PROPOSED] STIPULATED PROTECTIVE ORDER~~ |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS**
**REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1.  My address is _____.

    My current employer is _____.

14

My current occupation is_____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature_____ Date _____