UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
HUAWEI TECHNOLOGIES CO., LTD.;   :   **OPINION AND ORDER**
HUAWEI DEVICE CO., LTD.; and HUAWEI   :   **DENYING DEFENDNANT'S**
DEVICE (SHENZHEN) CO., LTD.,   :   **MOTION TO DISMISS**
                Plaintiffs,   :
  -against-   :
:   24 Civ. 4708 (AKH)
PANOPTIS PATENT MANAGEMENT, LLC,   :
:
                Defendant.   :
------------------------------------------------------------- X

------------------------------------------------------------- X
:
PANOPTIS PATENT MANAGEMENT, LLC;   :
PANOPTIS EQUITY HOLDINGS, LLC; OPTIS   :
WIRELESS TECHNOLOGY, LLC; OPTIS   :
CELLULAR TECHNOLOGY, LLC; and   :
UNWIRED PLANET INTERNATIONAL   :
LIMITED,   :
                Counterclaim-Plaintiffs,   :
:
  -against-   :
:
HUAWEI TECHNOLOGIES CO., LTD.;   :
HUAWEI DEVICE CO., LTD.; and HUAWEI   :
DEVICE (SHENZHEN) CO., LTD.,   :
:
                Counterclaim-Defendants.   :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      I deny Defendant's motion to dismiss Plaintiffs' Second Amended Complaint.

      In this action, Plaintiffs seek a declaratory judgment that a contractual condition precedent in the parties' agreement has not been satisfied, thereby absolving Plaintiffs of their obligation to make a contingent payment to Defendant. Specifically, the parties executed a Settlement and Patent License Agreement (the "Agreement") to settle various claims, which granted Plaintiffs rights to certain patents owned by Defendant in exchange for two payment

1

obligations by Plaintiffs to Defendant: a non-refundable payment due at the outset of the contract, and a contingent payment, due only if certain conditions, which are not at issue in this motion, were timely satisfied.

Defendant raises three arguments in support of dismissal: the *Brillhart/Wilton* discretionary abstention doctrine, lack of subject matter jurisdiction, and failure to join an indispensable party. None is meritorious.

I decline to exercise my discretion to dismiss this case under the *Brillhart/Wilton* abstention doctrine. *See Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942). This doctrine permits courts to exercise their discretion to dismiss a declaratory judgment action "where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Kanciper v. Suffolk County SPCA, Inc.*, 722 F.3d 88, 91 (2d Cir. 2013) (quoting *Wilton*, 515 U.S. at 282).

Here, abstention under *Brillhart/Wilton* is not appropriate since this case presents a simple contractual issue, and the parties provided that New York law is to govern this action and that suit is to be brought in New York, ECF No. 84-1 at § 7.6. *See Covidien LP v. Esch*, 280 F. Supp. 3d 284, 286 (D. Mass. 2017); *Certain Underwriters at Lloyd's, London v. New Dominion, LLC*, 16 Civ. 5005 (DLC), 2016 U.S. Dist. LEXIS 121133, at *9 (S.D.N.Y. Sept. 7, 2016). And the factors enumerated by the Second Circuit in *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 99-100 (2d Cir. 2023), which district courts must consider in deciding whether to decline jurisdiction over a declaratory judgment action, also militate against abstention; here, a declaratory judgment would settle the dispute between the parties, Texas law does not govern this dispute, this action was brought prior to the case pending in Texas state court,[1] the remedies

---

[1] This suit was filed on June 20, 2024. The parallel case in Texas state court was filed on December 27, 2024.

available in the two actions are identical, and considerations of judicial economy do not favor abstention.

This Court possesses diversity jurisdiction over this action under 28 U.S.C. § 1332(a). Plaintiffs are citizens of China, and Defendant PanOptis Patent Management, LLC is a citizen of New York. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000). If I were to reverse the parties and "examine[] the declaratory defendant's hypothetical well-pleaded complaint," subject matter jurisdiction would continue to exist, since PanOptis Patent Management, LLC is the sole entity that would have to be paid under the Agreement. *See Sunvestment Energy Grp. NY 64 LLC v. Nat'l Grid USA Servs. Co.*, 116 F.4th 106, 114 (2d Cir. 2024).

Unwired Planet International Limited ("UPIL"), a citizen of Ireland, which Defendant added to this action as a Counterclaim-Plaintiff, is not an indispensable party under Fed. R. Civ. P. 19. "Rule 19 recognizes exceptional circumstances in which the plaintiff's choice of parties or forum must give way because of an absent party's interest in the outcome of the action or involvement in the underlying dispute." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 131 (2d Cir. 2013). Accordingly, "very few cases should be terminated" for failure to join a required party that would otherwise destroy diversity "unless there has been a reasoned determination that their nonjoinder makes just resolution of the action impossible." *Jaser v. N.Y. Property Ins. Underwriting Assoc.*, 815 F.2d 240, 242 (2d Cir. 1987).

Defendant avers that UPIL is an indispensable party since, if Plaintiff would be required to make the contingent payment to Defendant PanOptis Patent Management, LLC, "a portion would be allocated to UPIL under PanOptis's current accounting/allocation procedures," ECF No. 94-13 at ¶ 6. Defendant argues that because UPIL is a citizen of Ireland, diversity jurisdiction is destroyed. But since UPIL is already a party in this case as a Counterclaim-Plaintiff, Rule 19 is inapplicable because "there is no danger that" UPIL, as "an already-named

3

party will not be heard with respect to the litigation." *CFIP Master Fund, Ltd. v. Citibank, N.A.*, 09 Civ. 6197 (JSR), 2010 U.S. Dist. LEXIS 33244, at *3-4 (S.D.N.Y. Mar. 24, 2010). And regardless, UPIL is not a required party in this suit since the Agreement provides that all payments are to be made to Defendant PanOptis Patent Management, LLC, and not to UPIL. *See* ECF No. 84-1, at § 6.3(a).

Accordingly, I deny Defendant's motion to dismiss.

The parties shall appear for a status conference, as previously scheduled, on August 26, 2025, at 2:30 p.m. in Courtroom 14D to discuss the remaining issues, and to set a briefing schedule for summary judgment. By August 25, 2025, the parties shall submit (via email to HellersteinNYSDChambers@nysd.uscourts.gov) a joint list of the attorneys expected to appear on the record at this conference.

The Clerk of Court shall close ECF No. 85.

Dated:      August 11, 2025                                   /s/ Alvin K. Hellerstein
            New York, New York                               ALVIN K. HELLERSTEIN
                                                             United States District Judge