UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                      :
HUAWEI TECHNOLOGIES CO., LTD.;                        :    **OPINION AND ORDER**
HUAWEI DEVICE CO., LTD.; and HUAWEI                   :    **GRANTING IN PART AND**
DEVICE (SHENZHEN) CO., LTD.,                          :    **DENYING IN PART PANOPTIS'S**
                                Plaintiffs,           :    **MOTION TO SEAL**
        -against-                                     :
                                                      :
PANOPTIS PATENT MANAGEMENT, LLC,                      :    24 Civ. 4708 (AKH)
                                                      :
                                Defendant.            :
------------------------------------------------------------- X

------------------------------------------------------------- X
                                                      :
PANOPTIS PATENT MANAGEMENT, LLC;                      :
PANOPTIS EQUITY HOLDINGS, LLC; OPTIS                  :
WIRELESS TECHNOLOGY, LLC; OPTIS                       :
CELLULAR TECHNOLOGY, LLC; and                         :
UNWIRED PLANET INTERNATIONAL                          :
LIMITED,                                              :
                        Counterclaim-Plaintiffs,      :
                                                      :
        -against-                                     :
                                                      :
HUAWEI TECHNOLOGIES CO., LTD.;                        :
HUAWEI DEVICE CO., LTD.; and HUAWEI                   :
DEVICE (SHENZHEN) CO., LTD.,                          :
                                                      :
                        Counterclaim-Defendants.      :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendant/Counterclaim-Plaintiff PanOptis Patent Management, LLC ("PPM") and Counterclaim-Plaintiffs PanOptis Equity Holdings, LLC ("PEH"), Optis Wireless Technology, LLC ("OWT"), Optis Cellular Technology, LLC ("OCT"), and Unwired Planet International Limited ("UPIL") (collectively, "PanOptis") move to seal my opinion and order on the parties' cross motions for summary judgment and publicly file a redacted opinion. ECF No. 235. Plaintiffs/Counterclaim-Defendants Huawei Technologies Co., Ltd., Huawei Device Co.,

Ltd., and Huawei Device (Shenzhen) Co., Ltd. (collectively, "Huawei") agree that the opinion should be redacted.

PanOptis contends that the opinion included limited confidential and proprietary information that if disclosed would harm PanOptis's and Huawei's business operations. PanOptis seeks to seal specific monetary terms of confidential agreements and information relating to a confidential agreement PanOptis entered into with a third party. I have granted similar motions to seal documents throughout this case regarding the parties' motions and supporting documents.

It is well established that there is a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right is not absolute, and a court may limit the right and deny access to records and files in certain circumstances. The Second Circuit has established a three-part analysis for assessing motions to seal: (1) whether the document is a judicial document; (2) what strength of presumption of public access attaches; and (3) whether competing considerations outweigh that presumption. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

First, it is clear that a court's orders and written opinions are "judicial documents" such that the presumption of public access applies. *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("the judge's opinions and orders belong in the public domain.")

Second, the weight of the presumption of access for judicial opinions is "extremely strong." *Moroughan v. Cnty. of Suffolk*, No. 12CV0512JFBAKT, 2021 WL 280053, at *2 (E.D.N.Y. Jan. 24, 2021). While it may be appropriate to seal aspects of parties' briefings and motions, a higher presumption must be imposed on a court's opinion. In particular, the presumption of public access is "at its zenith" for the Court's reasoning and all that is "considered

(and relied upon) by the Court in reaching its decision on the litigants' substantive legal rights." *Id.* (citations and quotations omitted). Thus, here, the presumption of public access to my opinion and the underlying reasoning in the opinion is extremely high.

Third, having found a strong presumption of public access, I consider the countervailing considerations. Courts in this circuit frequently grant motions to seal commercially sensitive and confidential business information, recognizing the importance of the maintenance of confidentiality of such information. *See, e.g., FuboTV Inc. v. Walt Disney Co.*, No. 24-CV-01363, 2024 WL 1884974, at *1-2 (S.D.N.Y. Apr. 30, 2024); *Re: Lee v. Golaszewski & Swentzel*, No. 7:23-cv-10695-PMH, 2024 WL 2925336, at *1-2 (S.D.N.Y. June 7, 2024). PanOptis and Huawei have articulated a compelling interest in keeping certain confidential business information out of the public sphere.

However, in balancing the public interest in access and countervailing interests of the parties, I cannot redact all the information requested by PanOptis. The limited redactions of the specific financial figures shall be granted. Those specific figures were not essential to my reasoning and the private interests in confidentiality outweigh the need for public access to those limited redactions. However, the details about PanOptis's agreement with a third party were essential to my reasoning and in reaching my decision on summary judgment. Such information cannot be redacted from the public in a judicial opinion to protect business interests. *See Moroughan*, 2021 WL 280053, at *4 ("the confidential and internal nature of those materials does not outweigh the strong presumption of public access to judicial documents related to summary judgment motions, as well as court opinions referencing those documents").

Therefore, for the foregoing reasons, I shall grant in part and deny in part PanOptis's motion to seal.

The Clerk of Court shall strike and seal the public opinion at ECF No. 235 to the Selected Parties viewing level.  The Clerk of Court shall terminate ECF No. 237.

SO ORDERED.

Dated:        February 10, 2026
              New York, New York

ALVIN K. HELLERSTEIN
United States District Judge